STATE OF MISSOURI *ex rel.* ALFRED CASE *et al.*, Plaintiffs in Error, v. M. W. SEARL *et al.*, Defendants in Error.

1. *Schools, organization of by towns — Construction of statute.* — Under section 1 of article II of the act touching schools (Wagn. Stat. 1262), especially when taken in connection with article I, section 1 of the same act, cities, towns or villages can organize for school purposes without including in such organization the whole sub-district to which it previously belonged.

## *Error to Laclede Circuit Court.*

*R. P. Bland* and *G. W. Bradfield*, for plaintiffs in error.

*W. J. Wallace, J. P. Nixon* and *H. H. Harding*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

This was an information in the nature of a *quo warranto* filed in the Circuit Court at the instance of the relators, who were school directors for sub-district number 1 of township 34, range 16, in Laclede county. The information charged the defendants with usurping and unlawfully exercising the powers conferred in certain cases by the act of the Legislature, approved March 21, 1870, concerning schools (Wagn. Stat. 1262, § 1), and averred that the defendants were, without authority of law, acting as school directors for the town of Lebanon, the same being a part of said sub-district number 1.

The return of the defendants set up their right to act by virtue of an organization of the town in pursuance of the act before referred to, and alleged that the town of Lebanon and all its additions, at an election held for that purpose, adopted the law; that the defendants were afterwards duly elected as a board of education for said town, and were, by virtue thereof, lawfully exercising said authority. To this return a replication was filed. Upon this state of facts the relators asked the court to declare the law to be that the town had no lawful right or power to organize for school purposes, without including in such organization the whole sub-district. The court refused so to declare the law, and gave judgment for the defendants.

The only question presented in the record for our determination is the one indicated by the instruction, namely : whether any city, town or village can organize for school purposes without including in such organization the whole sub-district to which it previously belonged.     The law under which the town acted was adopted in 1870, and is as follows : Any city, town or village, the plat of which has previously been duly filed and recorded in the recorder's office of the county wherein the same is situate, together "with the territory attached, or hereafter to be attached, to said city, town or village, for school purposes, may be organized into and established as a single school district, in the manner and with the powers hereinafter specified." (Wagn. Stat. 1262, § 1.)     It must be conceded that the section is somewhat obscure, and the meaning of the words "with the territory attached" is not very definite or manifest.     But, considering the whole subject and the object had in view in its enactment, we do not think it will bear the construction sought to be placed upon it by the plaintiffs.     If the town or village could not organize without including the entire sub-district as it had previously existed, the main purpose of the law would be defeated. Sub-districts sometimes comprehend a large scope of territory, and towns rapidly increasing in population need and require a school-house within their limits.     These school-houses would be inaccessible to the greater portion of the country, and the country schools would wholly fail to accommodate the towns.     The very object and purpose of the law-makers, as expressed in the title of the act, was to enable or authorize cities, towns and villages to organize for school purposes with special privileges.

By reference to the statute (Wagn. Stat. 1241, § 1) it will be seen that in certain instances a single sub-district may comprise within its limits the greater part of an entire congressional township, and it could never have been intended that a whole sub-district outside of the town limits should be considered as territory attached.     A town containing a majority of the voters would be able to extend an organization, designed specially for itself, over an entire sub-district, however remote its parts, and regardless of the wishes or interests of those who, from location or otherwise,

could derive but little benefit from the organization.    Under these town organizations bonds are authorized to be issued on the credit of the town for the erection of school-houses, and the construction contended for by the plaintiffs would tax the people, who could derive little or no benefit therefrom, for the building of costly edifices and carrying on expensive schools.   Moreover, the section in the statute last referred to declares, in explicit terms, that nothing contained in the law shall be so construed as to give the township board of education, or to local directors in sub-districts, jurisdiction over any territory in the township included within the limits of any city, town or village, with the territory annexed thereto, for school purposes.

Upon a review of the whole question, we cannot see that 'the court in its decision committed any error.

Judgment affirmed.    The other judges concur.